661 A.2d 1157

**Robert E. GERTZ**

v.

**ANNE ARUNDEL COUNTY, Maryland.**

**No. 13, Sept. Term, 1994.**

Court of Appeals of Maryland.

July 21, 1995.

Susan S. James Mayer (James L. Mayer, on brief), Columbia, for petitioner.

Francis M. Gasperich, Crownsville, for amicus curiae.

Judson P. Garrett, Jr., County Atty. (Robert M. Pollock, Sr. Asst. County Atty., on brief), Annapolis, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

In this case we are asked to decide whether the conduct of Anne Arundel County in enacting and enforcing an ordinance regulating sanitary landfills, passed as emergency legislation after a judgment in favor of a landowner against Anne Arundel County, gives rise to a cause of action under 42 U.S.C. § 1983 (1988). We must also decide whether, under the doctrine of *res judicata*, the judgment bars Anne Arundel County from subsequently applying the ordinance to landfilling activity on the property. We answer both questions in the negative.

## I.

This appeal arises out of an action for declaratory and other relief filed by Robert E. Gertz ("Gertz") in the Circuit Court for Anne Arundel County. He sought a declaratory judgment that Bill No. 28–90 ("the Ordinance"), entitled "AN EMERGENCY ORDINANCE concerning: Zoning and Environmental Health—Applications for Sanitary Landfills, including Rubble Landfills," does not apply to his landfilling activity. In response, Anne Arundel County ("the County") filed a counterclaim, seeking an injunction to enjoin Gertz's activities until he obtained a landfill permit required by the Ordinance.

The landfilling activity at issue here involves Gertz's plan to establish a farm on his property in Anne Arundel County to be used as a horse boarding operation. To that end, he was

filling ravines on his property with raw tree materials to establish pasture land. The fees he charged others to accept their organic fill served as his primary source of income.

The present suit over whether the Ordinance applies to Gertz is rooted in two earlier events. First, in 1985, the parties settled a grading permit dispute by entering into a Consent Agreement (the "Agreement") that allowed Gertz to dump, place, dispose, or otherwise store on his land loads from off-site of raw tree material for his farming and/or personal use.[1] It stated in pertinent part:

> 1. That [Gertz], *except for his and/or occupant's farming and/or personal use,* shall not dump, place, dispose, or otherwise store any bulk loads from off-site of raw tree material consisting of root material, brush, tree limbs and stumps or otherwise dispose or store any rubble originating off-site on the Property which is the subject of this proceeding, unless otherwise or subsequently specifically permitted by law.

> \*　\*　\*　\*　\*　\*

> 7. That *this Consent Order shall be binding on the heirs, assigns and successors in interest of the parties.*

(Emphasis added.) Gertz and the County later agreed to a slight modification of the Agreement following continued disputes and erosion problems.

Second, in 1989, after a dispute arose between the parties as to the nature of Gertz's activities under the Agreement, the County filed a Petition for Contempt in the Circuit Court for Anne Arundel County. On December 21, 1989, the Honorable Martin A. Wolff found Gertz not in contempt, ruling that his landfilling activity was farming and permissible under the Agreement ("the Wolff decision").

---

1. The County had filed a grading permit enforcement action against Gertz, alleging that he was engaged in unpermitted grading and filling on the property. Gertz denied liability and claimed an agricultural exemption.

On April 23, 1990, the County enacted Bill No. 28–90, "[a]n emergency ordinance," which amended Articles 14 and 28 of the Anne Arundel County Code and created new requirements for sanitary landfills. *See* Anne Arundel County Code Art. 14, §§ 4–101 to 4–109 1987–1993 (Environmental Health), Art. 28, §§ 1–101(55B), 1–101(57), 11–112(a), 12–242 1993–1994 (Zoning). Specifically, the definition of "sanitary landfill" was modified to include the planned disposal of "rubble." *Id.* art. 14, § 4–101(f)(2). Rubble is defined, in part, as stumps, brush, roots, and topsoil. *See* C.O.M.A.R. 26.04.07.11B, 26.04.07.13B. Thus, rubble includes the raw tree materials that Gertz was using to fill his ravines.

Gertz was advised in a letter dated June 4, 1990, that he was using his property as a "rubble landfill" and that he was required by the new Ordinance to obtain a sanitary landfill permit to continue this use. He then filed a declaratory judgment action, and the County responded with a counter-claim for injunctive relief.

After the circuit court issued an interlocutory injunction, Gertz filed an Amended Complaint containing four counts. Count One, claiming breach of contract (of the Consent Agreement), alleged that the County breached its contract with him by enacting legislation and pursuing injunctive relief that prohibited his landfilling activity. He averred that his activities constituted farming, as previously determined by the circuit court (the Wolff decision), and, as such, are his contractual right. In Count Two, specific performance, Gertz asked the circuit court to order the County to specifically perform its contract by allowing him to continue his filling activity without the necessity of a sanitary landfill permit. In Count Three, the declaratory judgment claim, Gertz asked the court to declare that "[his] fill activities are allowable by law and under the Contract; that [he] need not obtain a permit under Bill 28–90; that retroactive application of Bill No. 28–90 is a violation of [his] constitutional rights; [and] that requiring [him] to obtain a permit and [the County's] work stoppage is an unconstitutional taking of [his] property." Finally, in Count Four, invoking 42 U.S.C. § 1983, Gertz averred that as

a result of the County's enactment of the Ordinance and subsequent injunctive action, the County unconstitutionally impaired his contract rights and violated his property rights under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution and Article 24 of the Maryland Declaration of Rights.[2]

Both parties filed motions for summary judgment. The circuit court, the Honorable Warren B. Duckett, Jr., presiding, found in favor of Gertz on the declaratory judgment count, and issued an order stating that Gertz had a vested right in his landfilling activities and that the County was estopped from enforcing the Ordinance against him ("the Duckett decision"). The interlocutory injunction was dissolved. Judge Duckett did not, however, address the breach of contract claim or the 42 U.S.C. § 1983 claim.

The matter was then set before the Honorable Bruce C. Williams, who granted final judgment in favor of the County. Judge Williams ruled that all of the issues in the case, liability as well as damages, were before him. Following an evidentiary hearing, and contrary to the ruling of Judge Duckett, Judge Williams concluded that the provisions of the Ordinance applied to Gertz. He ruled that the Consent Agreement did not permit Gertz to run a commercial landfill for profit, and found that his filling activity went beyond farming and constituted a commercial landfill operation. Finding no breach of the Consent Agreement, Judge Williams concluded there was no interference with a vested right and thus no proof of a claim under 42 U.S.C. § 1983.

Gertz appealed and, in an unreported opinion, the Court of Special Appeals held (1) that the 1989 Wolff decision was *res judicata* as to the issues before Judge Williams, and (2) that 42 U.S.C. § 1983 is inapplicable in this case. According to the intermediate appellate court, the only issues before Judge Williams were whether, as a result of the acts by the County,

---

2. At oral argument before this Court, Gertz expressly stated that he is not alleging a violation of the Contract Clause of the U.S. Constitution.

damages could be awarded under either breach of contract or
§ 1983. The court reasoned that *res judicata* barred Judge
Williams from reconsidering the nature of Gertz's filling activi-
ty, i.e., whether he was running a landfill or whether he was
farming. The court concluded that because Gertz's activities
had not changed since Judge Wolff found that he was farming,
the only issue before Judge Williams was whether the agree-
ment had been breached and, if so, the nature of the damages.
Those issues were remanded to the circuit court. In addition,
the Court of Special Appeals found that based on the law of
the case doctrine, the Duckett decision that the Ordinance did
not apply to Gertz precluded Judge Williams from revisiting
that question. Having concluded that the Ordinance did not
apply to Gertz, the court found § 1983 inapplicable in this
case.

We granted Gertz's petition for a writ of certiorari on the 42
U.S.C. § 1983 claim and the cross-petition of the County on
the applicability of the doctrine of *res judicata*. We shall first
consider whether the Court of Special Appeals erred in hold-
ing that under the doctrine of *res judicata,* the Wolff decision
barred the County from regulating the disposal of rubble on
Gertz's farm.

## II.

### A.

Gertz's argument that *res judicata* applies in the case *sub
judice* starts with the Wolff decision. In 1989, Judge Wolff
ruled that Gertz was not in contempt of court. In his opinion,
he stated:

> Now, I can see where the County's going. The County's
> saying, you are running a landfill, not farming. That's
> basically the County's position, is it not?

Following the County's agreement, the court continued:

> Okay. If that is the problem, then they can pass ordi-
> nances, requiring any off-site filling, whether it be for
> farming or not, over two truckloads, or whatever it be,

needs a permit. But, they're trying to do it in another way, which is not reasonable. Because, at least *in this case,* he's allowed to farm. And, that was an exception that's cut off. *So, if the County wants to stop this practice, it may be a good idea, if that's what they want to do, or to control the practice, is to have some ordinance which would control it. This Consent Agreement does not. It calls for farming.*

(Emphasis added.)

Gertz argues that *res judicata* should be applied to bar the County's counterclaim before Judge Williams in 1992 because it is the same claim decided by Judge Wolff in 1989. He interprets the Wolff decision as a finding that he was not operating a commercial sanitary landfill requiring a permit. He maintains, moreover, that the Consent Agreement allows him to place on his land off-site tree materials for farming. Because his landfilling activity has not changed, he argues that the County's counterclaim is but another attempt to force him to apply for a commercial sanitary landfill permit.

He maintains that in the 1989 action, the County argued that he was running a landfill, and Judge Wolff concluded that he was farming. Therefore, the court implicitly found that he was not running a landfill. He maintains that the purpose of the County has always been to regulate his activities as a landfill, that the County's claims arise from the same transaction, and that only the County's legal theory has changed, nothing else.

He argues that the County's two claims are the same based on the same evidence test or the transaction test of the *Restatement (Second) of Judgments.* He claims the same evidence would sustain the present action and the 1989 action. He also argues that the evidentiary facts in both actions constitute a series of connected transactions. He maintains that the only distinguishing factor between the present litigation and the 1989 action is the County's attempt to use a different ordinance to regulate his landfilling activities, i.e., Bill No. 28–90 rather than the grading permit ordinance. He asserts that *res judicata* bars the County from again arguing

that his conduct constitutes the operation of a commercial landfill, that he is not farming, and that he must therefore obtain a permit.

## B.

■ The doctrine of *res judicata* bars the litigation of a cause of action or claim after it has already been or could have been decided. *See DeLeon v. Slear*, 328 Md. 569, 580, 616 A.2d 380, 385 (1992). The rule of *res judicata* was set forth in *Alvey v. Alvey*, 225 Md. 386, 390, 171 A.2d 92, 94 (1961), as follows:

> a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action, and is conclusive, not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit.

In *DeLeon*, 328 Md. at 580, 616 A.2d at 385, this Court restated the elements of the traditional principle of *res judicata*:

> (1) the parties in the present litigation should be the same or in privity with the parties to the earlier case; (2) the second suit must present the same cause of action or claim as the first; and (3) in the first suit, there must have been a valid final judgment on the merits by a court of competent jurisdiction.

■ The focus of this controversy is on the second element of *res judicata:* whether the claim presented before Judge Williams is the same "claim" or "cause of action" presented to and decided by Judge Wolff. If they are the same, *res judicata* bars the County from proceeding before Judge Williams. In *Kent County Bd. of Educ. v. Bilbrough*, 309 Md. 487, 499, 525 A.2d 232, 238 (1987), we adopted the transaction test of § 24 of the *Restatement (Second) of Judgments* as the basic test for determining when two claims or causes of action are the same for purposes of *res judicata*. We quoted § 24(2) with approval:

What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Bilbrough*, 309 Md. at 498, 525 A.2d at 238. Applying the *Bilbrough* factors, and reviewing the two claims from a transactional analysis approach, we conclude that the claim raised in the second action, the action before Judge Williams, was not the same as the claim decided in the prior adjudication, the action before Judge Wolff. They are separate transactions.

We shall first address whether the facts are related in time, space, origin, or motivation. The conduct complained of by the County occurred at different times. The counterclaim addressed Gertz's failure to obtain a landfill permit following the enactment of the Ordinance in 1990, while the contempt action addressed Gertz's filling activity in 1989 under the Consent Agreement. Both of the County's claims relate to the same space, focusing on the filling activity on Gertz's property in Anne Arundel County. Nevertheless, the County's claims originated from different sources. Significantly, the theory of liability in the instant action did not exist when the earlier suit was litigated; thus, Gertz's argument that the counterclaim is barred because the County merely changed its legal theory is inapposite. Although *res judicata* generally bars a second suit based on a different legal theory applied to the same set of facts previously litigated, that rule does not apply here because it assumes that the second theory of liability existed when the first action was litigated. *See Bilbrough*, 309 Md. at 495–97, 525 A.2d at 236–37. When the contempt action was litigated, the County had no right to proceed against Gertz under the Ordinance because it had not yet been enacted.

In terms of motive, the County's two claims were motivated by different considerations. In the contempt action, the County sought to enforce the Consent Agreement and to regulate

activity related to land grading. It was not an attempt to regulate Gertz's activities as a sanitary landfill requiring a landfill permit. The motive of the County in the instant action, by contrast, was to enjoin Gertz's activities only until such time as he obtained a landfill permit in compliance with the requirements of the Ordinance. The motive of the County in enacting the Ordinance was stated in the findings of fact of Bill No. 28–90: the existing regulation of sanitary landfill operations, particularly rubble landfills, was inadequate, requiring the adoption of interim regulations,[3] effective for one year, to ensure orderly development of sanitary landfills, including rubble landfills. The recital went on to state that this regulation was necessary to protect and promote the health, safety, and welfare of the citizens of Anne Arundel County. Based on these interests, the County filed the counterclaim to enjoin Gertz's landfilling activity only until such time as he complied with the new law.

We shall next consider whether the facts form a convenient trial unit. The County's present and prior claims would not have formed a convenient trial unit in the earlier litigation because the County's rights under the Ordinance did not exist until April 23, 1990, and therefore could not have been litigated in the contempt action in 1989.

Finally, we shall address whether treating the facts as separate trial units conforms to the parties' expectations or business understanding or usage. Certainly the County did not consider the Wolff decision to exempt Gertz from all future regulations relating to sanitary landfills. Gertz could not have expected that the Wolff decision determined that he was not running a sanitary landfill, or that it exempted him from future sanitary landfill regulations. Significantly, Judge Wolff expressly indicated that his decision was not intended to affect the County's ability under its police power to adopt

---

**3.** Section 3 of the Ordinance reads as follows:

That the provisions of this Ordinance shall be applicable for one year after the effective date of Bill 28–90 and shall expire thereafter without any further action of the County Council.

prospective legislation that regulated activity like Gertz's as a sanitary landfill. We find that Judge Wolff only decided that Gertz was farming and did not determine whether he was running a sanitary landfill.

We conclude that Gertz could not have expected the Consent Agreement to exempt him from a sanitary landfill permit requirement enacted pursuant to a legitimate exercise of the governmental power. Furthermore, the counterclaim of the County for injunctive relief to enforce the Ordinance is not the same claim that was litigated in the contempt action. Accordingly, the doctrine of *res judicata* does not bar the County from proceeding before Judge Williams.

### III.

The Court of Special Appeals also found that the Duckett decision "became the law of the case," and concluded that as a result, Judge Williams was barred from considering whether the Ordinance applied to Gertz's activities. We disagree. The order of Judge Duckett was not the law of the case and was subject to revision under Maryland Rule 2–602(a).[4] Thus, Judge Williams was not precluded by the order from applying the provisions of the Ordinance to Gertz.

Maryland Rule 2–602(a) makes clear that an order that does not adjudicate all of the claims in an action, or that adjudicates less than an entire claim, or that adjudicates the liabilities of fewer than all the parties to the action is not a final judgment and may be revised at any time before the

---

4. Maryland Rule 2–602 provides in pertinent part:
     (a) **Generally.**—Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:
        (1) is not a final judgment;
        (2) does not terminate the action as to any of the claims or any of the parties; and
        (3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

entry of a final judgment. *See Rohrbeck v. Rohrbeck,* 318 Md. 28, 44, 566 A.2d 767, 775 (1989) (until there is a final judgment, under Maryland Rule 2–602, all prior rulings remain interlocutory and subject to revision). We have held, moreover, that "[a]s a general principle, one judge of a trial court ruling on a matter is not bound by the prior ruling in the same case by another judge of the court; the second judge, in his discretion, may ordinarily consider the matter de novo." *State v. Frazier,* 298 Md. 422, 449, 470 A.2d 1269, 1283 (1984).

■ The Duckett decision falls within the terms of Rule 2–602(a). The order did not address Gertz's claims for breach of contract or violation of § 1983, nor the County's request for authorization to inspect Gertz's property to ensure his compliance with the Consent Agreement. On Gertz's claim for declaratory judgment, the order did not address whether the Ordinance was applied retroactively in violation of his constitutional rights, or whether the requirement that Gertz obtain a permit under the Ordinance and the County's application for an injunction for his failure to do so effected an unconstitutional taking of his property. Judge Duckett also did not reach the question of damages and he did not purport to grant final judgment to Gertz. *See Rohrbeck,* 318 Md. at 41, 566 A.2d at 773. Thus, Judge Williams was free to apply the Ordinance to Gertz.

## IV.

■ Finally, we shall consider whether the actions of the County give rise to a cause of action under 42 U.S.C. § 1983.[5] Judge Williams found that Gertz suffered no constitutional deprivation and was therefore not entitled to damages under § 1983. We agree. The Court of Special Appeals found:

---

5. 42 U.S.C. § 1983 provides in pertinent part:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Based upon the ruling by Judge Duckett, which became the law of the case, that the ordinance was not applicable to the Gertz situation because of Judge Wolff's "farming operation" ruling, we hold that 42 U.S.C., § 1983 does not apply to the matter at bar. Although the County may have attempted to divest the right of Gertz to conduct filling activities on his property for agricultural purposes, that particular statute was ruled not to apply to the Gertz operation.

Although we find that the Ordinance applies to Gertz's landfilling activity, we affirm the holding of the intermediate appellate court that Gertz is not entitled to damages under § 1983.

Gertz does not contend that the County lacked the power to enact the Ordinance, nor does he attack the validity of the Ordinance facially. He only argues that, as applied to him, the new sanitary landfill law is unconstitutional. His argument is that, because the farming provision of the Consent Agreement and the Wolff decision concern the same landfilling activity regulated under the Ordinance, the County's efforts breached the Agreement, violated his right to substantive due process, and effected a taking of the equivalent of a permit to fill his land with raw tree materials, thus giving rise to a cause of action under 42 U.S.C. § 1983. We disagree.

Gertz does not have a cause of action under § 1983 for a violation of his constitutional rights. He was subject to the Ordinance and failed to obtain a sanitary landfill permit. The actions of the County did not effect an unconstitutional taking of property because the Consent Agreement never entitled Gertz to an exemption from future legislation which was validly enacted under governmental power to regulate all sanitary landfills in Anne Arundel County. We therefore deny Gertz's § 1983 claim.

In sum, we hold that neither the doctrine of *res judicata* nor the Duckett decision barred the application of the Ordinance to the activity of Robert E. Gertz. We also hold that the

actions of the County do not give rise to a cause of action under 42 U.S.C. § 1983.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART, REVERSED IN PART. CASE RE-MANDED TO THAT COURT WITH INSTRUCTIONS TO REINSTATE THE JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL AP-PEALS TO BE PAID BY APPELLANT/CROSS–APPEL-LEE GERTZ.*