# MARYLAND REPORTS.

## DECEMBER TERM, A. D., 1855.

## JOHN EYLER and JONAS MATTHEWS, *vs.* JESSE HOOVER, Exc'r of FREDERICK CRABBS.

Where a cause is remanded under the act of 1832, ch. 302, and a decree is passed in conformity with the decision of the appellate court, this decree must upon a second appeal be affirmed.

A decree will not be reversed for an error by which the appellant has suffered no injury.

APPEAL from the Equity Side of the Circuit Court for Frederick county.

This is the second appeal in this case. The bill was filed on the 13th of October 1845, by Crabbs against Eyler and Matthews, to enforce a vendor's lien for a balance of unpaid purchase money due for certain lands sold and conveyed by complainant to Eyler, and also to annul a deed by which Eyler subsequently conveyed the property to Matthews. The bill refers to and makes an exhibit of a former proceeding in equity, commenced by Crabbs against Eyler before the conveyance by the latter to Matthews, to enforce the vendor's lien for this property, which resulted in a decree for the sale thereof, but the record of these proceedings was not proved under the commission nor certified under the seal of the court in which they were had. There were also in the record short copies of two judgments in favor of Crabbs against Eyler upon the notes given by the latter for this purchase money, recovered on the 3rd of March 1845, and of writs of *fi. fa.* issued

thereon on the 8th of May 1845, and returned "*nulla bona*" on the 4th Monday of October 1845, but the record did not show how these papers were introduced into the case. The court below passed a decree for the sale of the property, from which the defendants appealed, and the appellate court, without reversing or affirming the decree, remanded the cause under the act of 1832, ch. 302. This appeal is reported in 2 *Md. Rep.*, 137. In that case the court decided, that as the *record then stood* there was no proof either that Eyler was insolvent or that complainant had exhausted all his other remedies before he filed his bill. They say, however, "had the record in the former proceeding been duly verified, or had the evidence of returns of *nulla bona* to the writs of *fi. fa.* been properly introduced into the case, we should have felt bound to have affirmed the decree of the county court." 2 *Md. Rep.*, 155.

After the cause was remanded, Crabbs having died, Hoover, his executor, was made a party complainant, and a commission issued under which certified copies of the record and writs of *fi. fa.*, above referred to, were duly proved. The case was then submitted and the court below, (FREDERICK A. SCHLEY, Special Judge,) passed the same decree as in the former appeal. This decree directs the defendants to pay the complainant, or bring into court for that purpose, $2031.86, with interest from the 6th of January 1845, and in default thereof directs the land to be sold for the payment of this sum. From this decree the defendants took the present appeal.

The cause was argued before LE GRAND, C. J., TUCK and MASON, J.

*William P. Maulsby* for the appellants, argued:

1st. That the proof produced is not sufficient to gratify the requirements of this court, because it does not show that *at the time* of filing the bill the complainant had exhausted all his remedies at law against Eyler. All that the court did on the former appeal was to decide the *points* then before it. They then decided the legal *principle* that the complainant

could not resort to his lien until he had exhausted his remedy at law, and *nothing more.* The case of *Young vs. Frost,* 1 *Md. Rep.,* 377, does not preclude inquiry into the sufficiency of the evidence subsequently introduced to sustain the decree, but only decides that new evidence cannot be introduced to vary the *principle* of the decree so as to raise other equities. The decision on the former appeal therefore leaves entirely unembarrassed the inquiry, whether the evidence introduced was *sufficient* to bring the case within the *principle* there decided. Now what is the effect of the introduction of the record in the former case into this? The fact that proceedings in equity were instituted against *Eyler,* proves nothing as to the exhaustion of remedies at law against the parties to this bill, *Eyler and Matthews.* It is only evidence of *notice* to Matthews of the decree against Eyler, but is no step in showing the exhaustion of remedies against *both.* Again, the returns in this case to the writs of *nulla bona* are not *sufficient* proof of the insolvency of Eyler *at the time the* bill was filed. These returns were not made until *after* the filing of the bill though the writs were issued before, and they do not say that Eyler *had* no property on which the writs could have been levied *during the time they were in the officer's hands.*

2nd. The decree must be reversed, because it requires the payment of compound interest from the 6th of January 1845, to the 23rd of May 1854, the date of the decree. The report of the auditor shows that the sum of $2031.86 *included the interest* on the purchase money in arrear and due on the 6th of January 1845, and the decree therefore requires the payment of compound interest for more than nine years.

*Joseph M. Palmer* for the appellee, argued:

1st. That the decree appealed from in this case is in strict conformity with the decision of the Court of Appeals in the former appeal, and is *therefore* correct. The decree or judgment in the former case is final and conclusive, not only as to what was actually decided, but also as to what could have arisen in that case upon the facts in it. The act of 1832, ch. 302, sec. 6, requires this court to pass an opinion upon the

merits of the case and makes that opinion conclusive upon the court below. In *Young vs. Frost*, 1 *Md. Rep.*, 394, the court say, "the decision of the Court of Appeals must be taken as conclusive on all points which were made before the Court of Appeals or which were presented by the record, and no error can be imputed to the court below if its subsequent proceedings have been in conformity with the principles of that decree." The cases of *Mong vs. Bell*, 7 *Gill*, 245, and *McClellan vs. Crook*, *Ibid.*, 333, are also cases directly in point. Whatever therefore was decided by the Court of Appeals on the former appeal in this case, or which could have been argued or decided then, cannot now be open for decision or argument again. But suppose we can go behind that decree, there is still no difficulty in the case, for the proceedings in equity proved in the record *establish the fact* that the remedies at law had been exhausted. Again, if this be not so, the returns of *nulla bona* clearly establish the insolvency of Eyler at the time of the filing of this bill, for they relate back to the issuing of the writs of *fi. fa.*, which bind the personal property from the time they went into the officer's hands. If *either* proposition, viz: the insolvency of Eyler *or* the exhaustion of remedies at law, be established, it is sufficient to sustain the decree.

2nd. It is no ground for reversal that the decree directs payment of interest from the 6th of January 1845, for by this the appellee gets no more than he was entitled to, for if interest had been computed on the judgments from the date of their rendition, with costs, the amount would have exceeded that directed by the decree to be paid. The appellant has therefore suffered no injury by this calculation, even if it be erroneous.

*Note.*—Other points were argued by counsel, which need not be stated.

Le Grand, C. J., delivered the opinion of this court.

We are of opinion that the questions involved in this case were definitively settled by the decision which was pronounced when it was before this court at June term 1852. The court then said, if certain papers which were in the record were

duly verified and proved, the complainant would be entitled to the relief asked. 2 *Md. Rep.*, 137. To enable him to supply the deficiency pointed out the case was remanded. It has been supplied and the case is now in a condition to warrant such a decree as has been passed by the court below, and we accordingly affirm it.

In regard to the point raised by the counsel for the appellants, that the decree was for a larger amount than was due, it is but necessary to observe, that if the auditor committed an error in computing interest from the 6th January 1845, it is not such an error as ought to enure to the reversal of the decree; because, if the interest were computed on the judgments at law which were rendered on the 3rd March 1845, instead of on the amount of the decree passed against Eyler on the 6th of January 1845, and to the sum thus ascertained the costs of the proceedings at law were added, the complainant would be entitled to a decree for a larger amount than he has obtained. This being so, the defendants cannot in justice ask a reversal of the decree.

*Decree affirmed with costs.*