Kingsley **ANYANWUTAKU, Plaintiff,**

v.

**FLEET MORTGAGE GROUP, INC., et al., Defendants.**

**Civ.A. No. AW–99–1104.**

United States District Court, D. Maryland.

Feb. 23, 2000.

of action, decided to sit on his rights.

Kingsley Anyanwutaku, plaintiff pro se.

Santiago Ricardo Narvaiz, Fairfax, VA, for defendants Fleet Mortgage Group, Inc., Shapiro & Burson, John S. Burson, William M. Savage, Ron Brown.

Peter H. Gunst, Christopher J. Marchand, Astrachan, Gunst, Goldman & Thomas, PC, Baltimore, MD, for defendant Household Mortgage Services.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Presently before the Court is Defendants' Motion for Summary Judgment. Plaintiff has filed an opposition, Defendant replied accordingly, and the motion is ripe for resolution. Also before the Court is Plaintiff's Motion to Strike Defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment, and Defendants' Motion for Leave Nunc Pro Tunc for Defendants to File Reply to Opposition of Plaintiff. No hearing is deemed necessary. Local Rule 105.6 (D.Md.). Upon consideration of the briefs of the parties, and the entire record, for the reasons stated below, the Court will grant Defendants' motion for summary judgment, grant Plaintiff's motion to strike, and deny Defendants' motion for leave.

## BACKGROUND

Plaintiff Kingsley Anyanwutaku, a resident of Washington, D.C., and former owner of the property at issue, filed the instant *pro se* action pursuant to 28 U.S.C. §§ 1331, 1332, 1343, 1361, 42 U.S.C. §§ 1983, 1985, and violations of the Fifth and Fourteenth Amendments to the United States Constitution against several defendants. In an Order dated May 7, 1999, the Court dismissed Plaintiff's claims under §§ 1983 and 1985, as well as all claims against defendants State of Maryland and the Circuit Court for Prince George's County, Maryland. The remaining defendants are Fleet Mortgage Group, Household Mortgage Services, Shapiro & Burson, John S. Burson, Esq., William M. Savage, Esq., and Ron Brown, Esq. Plaintiff requests compensatory and punitive damages and declaratory relief for matters pertaining to an alleged illegal foreclosure of his property located in Hyattsville, Maryland.

Plaintiff is the former owner of the real property located at 6911 Riggs Road, Hyattsville, Maryland, 20783 (hereinafter "the property"). Household Bank, FSB held the note and security interest in the property. As a result of Plaintiff's default on his obligation under the note, on March 25, 1994, the foreclosure action concerning the property was docketed by Defendant John S. Burson, attorney for the trustees and by Defendant Shapiro & Burson in the Circuit Court for Prince George's County (Docket No. CAE94–04374). Subsequently, Household sold, assigned, and transferred the note and its interest in the property to Fleet. Due to Plaintiff's filing of two bankruptcy proceedings, the sale of the property was not held until December 6, 1995. Plaintiff claims that immediately

thereafter, he brought the loan current, and completely cured the default.

Apparently, at some later point, Plaintiff against defaulted on his loan. On October 17, 1994, Defendants filed a praecipe in the court advising the court that the case was released from bankruptcy and that they would proceed with the action. On March 28, 1996, the trustees' Report of Sale was filed with the Circuit Court. Plaintiff, on May 23, 1996, filed Exceptions to Ratification of the sale with the Circuit Court, and on August 2, 1996, Judge Johnson of the Circuit Court held a hearing on the exceptions. During this period, Plaintiff was incarcerated in the District of Columbia Jail (from September 19, 1995 to December 15, 1997). Plaintiff claims he was denied access to the court by the D.C. jail. Plaintiff also disputes the adequacy of the notice of the hearing sent by the Court. The Circuit Court entered a Final Order of Ratification of the Trustees' Sale on August 7, 1996. On that same day, a statement of indebtedness was filed by lender and note holder Household.

Plaintiff filed an appeal with the Maryland Court of Special Appeals challenging the propriety of the foreclosure proceedings. The Court of Special Appeals affirmed the Circuit Court's entry of the Final Order of Ratification, and in doing so, discussed the propriety of the actions of the defendants. Finally, the Maryland Court of Appeals denied Plaintiff's petition for certiorari. In the instant case, Plaintiff claims that Fleet's failure to file a new foreclosure proceeding was fraudulent and misleading, and that the proceeding was conducted in violation of statute and the deed of trust. Plaintiff filed the instant action in this Court on August 20, 1999. Fifteen counts remain in this case. They include: illegal foreclosure (Count I), violation of the note and the deed of trust (Count II), violation of Maryland Rule 14–206 (Count III), fraud (Count IV), fraud and misrepresentation (Count V), emotional and mental anguish (Count VI), loss of the use of property (Count VII), trespass and conversion (Count VIII), conspiracy (Count IX), negligent supervision, training, and control (Count X), intentional interference with peaceful enjoyment and use of home (Count XI), violation of Fifth Amendment (Count XII), violation of Fourteenth Amendment (Count XIII), breach of contract (Count XVI), and unconscionability (Count XVII).

Plaintiff claims Defendants misrepresented facts at the foreclosure sale hearing and that the applicable laws protecting his due process rights were violated. Plaintiff also asserts that his account was fraudulently kept by the Defendants, namely that his loan payments were not properly credited to his account. In sum, Plaintiff contends that Defendants engaged in acts that violated various state laws, and the United States Constitution. Defendants have filed a motion for summary judgment as to all claims under the theory that the claims are barred by res judicata, collateral estoppel, statute of limitations, and a failure to state actionable claims under the various legal standards.

## DISCUSSION

### I. Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). While the evidence of the non-movant is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *Runnebaum v. NationsBank of Md., N.A.*, 123 F.3d 156, 164 (4th Cir.1997) (citing *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505 (1986)); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). To defeat such a motion, the party opposing summary judgment must present evidence of specific facts

from which the finder of fact could reasonably find for him or her. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548 (citations omitted).

In determining whether genuine and material factual disputes exist, the Court has reviewed the parties' respective memoranda and the exhibits attached thereto, construing all facts, and all reasonable inferences drawn therefrom, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The Court does, however, take notice that Plaintiff is a *pro se* litigant, which at times can place district judges in a difficult predicament. "On the one hand, [pro se submissions] represent the work of an untutored hand requiring special judicial solicitude. On the other, they may present obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). As such, the Court has read Plaintiff's opposition brief in as liberal a fashion as possible so as to not allow his inartful filing to defeat the vindication of any rights which Plaintiff alleges to have been infringed.

## II. *Defendants' Motion for Summary Judgment*

### A. *Res Judicata*

Defendants argue that there are no genuine disputes of material facts, and they should prevail as a matter of law. As support for their motion for summary judgment, Defendants argue that Plaintiff's complaint in its entirety is barred by the principles of res judicata because this cause of action is based fundamentally on the Foreclosure Action conducted by the Circuit Court and the final decision by the Maryland Court of Special Appeals affirming the decision. Plaintiff, however, contends that the instant suit is not barred by res judicata because different issues are involved, different parties are named, and the prior judgment, while final, was not dispositive of the issues raised in the complaint in the instant action. In addition, the Plaintiff responds by arguing the merits of the Foreclosure Action. The Court concludes that the claims presented in this case are precluded by the doctrine of res judicata.

It is well established that the doctrine of res judicata bars the relitigation of matters previously litigated between parties and their privies, as well as those claims that *could have been asserted* and litigated in the original suit. *See Pittston Company v. United States*, 199 F.3d 694, 704 (4th Cir.1999); *First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough*, 81 F.3d 1310, 1315 (4th Cir. 1996); *Gertz v. Anne Arundel County*, 339 Md. 261, 269, 661 A.2d 1157, *cert. denied*, 516 U.S. 990, 116 S.Ct. 522, 133 L.Ed.2d 429 (1995); *Esslinger v. Baltimore City*, 95 Md.App. 607, 627, 622 A.2d 774, *cert. denied*, 331 Md. 479, 628 A.2d 1066 (1993). Res judicata, which is sometimes referred to as claim preclusion, helps to avoid "'the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibilities of inconsistent decisions.'" *Murray Int'l Freight Corp. v. Graham*, 315 Md. 543, 547, 555 A.2d 502 (1989) (quoting *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). In analyzing the applicability of res judicata, a court must consider the following elements: "(1) whether the parties are the same as, or in privity with, the parties to the earlier dispute; (2) whether the cause of action presented is identical to the one determined in the prior adjudication; and, (3) whether

there was a final judgment on the merits in the initial action." *Richman v. FWB Bank,* 122 Md.App. 110, 149, 712 A.2d 41, 60 (1998). *See also dedeLeon v. Slear,* 328 Md. 569, 580, 616 A.2d 380 (1992); *Lone v. Montgomery County,* 85 Md.App. 477, 490–91, 584 A.2d 142 (1991).

■ First, on the facts of the instant case, the parties to this suit were the same parties or privities in the prior suit. "Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *FWB Bank v. Richman,* 354 Md. 472, 498, 731 A.2d 916, 930 (1999) (quoting *In re Matter of Wilcher,* 56 B.R. 428, 438 (Bkrtcy.N.D.Ill.1985)). Although the actual parties to the foreclosure action are not the same in both suits, those who were substituted are in privity with those named in the original suit. The parties in the equity action were the Plaintiff, Burson, and Savage. In this action, the following additional parties are named: Fleet Mortgage Group, Inc., Household Mortgage Services, Shapiro & Burson, and Ron Brown. Mr. Burson, a party in the state proceeding, is a member of the law firm, Shapiro & Burson, and represented the successor note holder, Household at the Circuit Court level. Ron Brown is also a member of the same law firm. As for Fleet Mortgage Company, it purchased the documents from and was assigned the security interest in the property by Household. An identity of interests exists with respect to the parties in both actions. Thus, for purposes of applying the res judicata doctrine, the parties named in the instant suit are in privity with the parties to the earlier suit.

■ With regard to the second element, federal courts and Maryland state courts have adopted the "transaction test" to determine the identity of the causes of action. *See Adkins v. Allstate Ins. Co.,* 729 F.2d 974, 976 (4th Cir.1984); *deLeon,* 328 Md. at 589–90, 616 A.2d 380. Under this test, claims are considered a part of the same cause of action when they arise out of the same transaction or series of transactions. In determining whether the causes of action stem from the same transaction or series of connected transactions, courts consider such pragmatic factors as "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *See* Restatement (Second) of Judgments § 24(2) (1982). Claims may also arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief. *Id.* Comment c. Plaintiff's causes of action are identical because the same transaction or series of transactions form the basis of Plaintiff's complaint now before this Court as well as his claims in the state proceedings. The basis of both state proceedings and this proceeding are the factual and legal circumstances surrounding the foreclosure action at issue. At the Circuit Court level, Plaintiff's objections and the adjudication concerned the propriety of the foreclosure sale of the property. The Maryland Court of Special Appeals explained in its opinion that in affirming the ratification of the sale, it addressed the following question: "Did appellees comply with the applicable legal requirements for giving advance notice of the foreclosure sale to appellant?" In resolving this question, the court found that Plaintiff had not met his burden of showing that notice of the sale or the hearing on his exceptions was conducted improperly. The court concluded that "the [Circuit] court was well justified in granting the Final Order of Ratification on 6 August 1996 on the record before it." (Maryland Court of Special Appeals Opinion, at 14). All of the claims brought in the instant case concern the same transaction—the foreclosure action and the surrounding procedural circumstances.

■ Third, the procedural and factual aspects of the case were adjudicated on

the merits with finality by the Maryland Court of Special Appeals. At the Circuit Court level, Plaintiff was given the opportunity to raise all objections to the foreclosure sale of the property. Plaintiff did in fact take that opportunity by filing his Exceptions to Ratification, which notified the court of his arguments about the propriety of the notice of sale, the trustees' failure to answer certain questions, and alleged incorrect loan reinstatement amount and accounting. It is undisputed that the Circuit Court Judge set a hearing for the consideration of Plaintiff's exceptions to ratification. Although Plaintiff or a representative was unable to attend that hearing, the Judge considered the entire record before him and, considering the merits, concluded that ratification of the sale was proper. Also, Plaintiff had an opportunity to raise any objections when the Foreclosure Action began on March 25, 1994, nearly a year and a half before his incarceration on September 19, 1995. After the Circuit Court's determination, Plaintiff took another opportunity to be heard and pursued an appeal in the state system whereby the appellate court upheld the Circuit Court's Final Order of Ratification in an opinion discussing the factual and procedural aspects of the case which served as the basis of its final decision to affirm the ratification. Thus, all three elements of the res judicata doctrine are met, and the state judgments on the Foreclosure Action have preclusive effect on the instant suit.

In cases involving similar facts, courts have ruled that res judicata precluded suits where lender liability claims could have been asserted as counterclaims in a foreclosure proceeding. *See e.g., Fairfax Savings, F.S.B. v. Kris Jen Limited Partnership*, 338 Md. 1, 655 A.2d 1265, 1275 (1995) (holding that Plaintiffs could have asserted their no-default claim and other claims as a counterclaim in the mortgage foreclosure proceeding); *Henderson v. Snider Bros.*, 439 A.2d 481 (D.C.App.1981) (en banc) (holding with respect to a similar case that "the fraud issue could have and should have been raised in the foreclosure proceeding" and that questions of misrepresentation had been finally adjudicated, thus barring the suit). *See also In re Serra Builders, Inc. v. John Hanson Savings Bank*, 128 B.R. 615, 618 (Bkrtcy. D.Md.1991) (concluding that the ratification of a foreclosure sale by the state court over the debtor's objection was binding under the doctrine of res judicata); *Tri-Towns Shopping Center, Inc. v. First Federal Savings Bank of Western Maryland*, 114 Md.App. 63, 688 A.2d 998 (1997) (holding that when plaintiff excepted to the ratification of a mortgage foreclosure sale, i.e., appeared *in personam*, he was "generally precluded, on res judicata grounds, from thereafter filing a separate suit based upon the alleged improper actions of the mortgagee...."); *Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716 (N.D.W.Va. 1998) (concluding that plaintiff's claims were barred by res judicata and collateral estoppel where the Circuit Court ruled that the trustees complied with all legal requirements for a foreclosure sale), *aff'd*, 173 F.3d 850, 1999 WL 111295 (4th Cir.1999).

## B. *Collateral Estoppel*

Collateral estoppel is commonly referred to as issue preclusion. "For collateral estoppel to apply, the proponent must establish that: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum." *Sedlack v. Braswell Servs. Group*, 134 F.3d 219, 224 (4th Cir.1998). If these factors are met, a plaintiff is precluded from litigating those issues in another forum. The parties make similar arguments with respect to the collateral

estoppel argument. The Defendants argue that the collateral estoppel effect of the original judgment precludes litigation in this Court. Plaintiff argues that different issues were adjudicated in the prior action, and he was not give a fair opportunity to be heard on the issues raised in the foreclosure action. The Court finds that this ground of Defendants' argument for summary judgment is persuasive, and thus, Plaintiff's suit must also be dismissed under the collateral estoppel doctrine.

■ With respect to the first prong, the issues sought to be precluded by Defendants are identical to those decided in the previous action. The Complaint in the action presently before the Court contains several counts brought under various legal theories. In the present suit, Plaintiff is suing the Defendants for alleged actions taken which deprived him of his property rights. Plaintiff bases his complaint on allegations that Defendants violated the notice requirements due him, relayed misleading and fraudulent information to the Circuit Court, and otherwise effectuated the improper loss of the use of his property. Thus, the critical issue to be decided here is whether the foreclosure action was conducted properly, free from fraud, misrepresentation, breach, and due process violations. Now that Defendants have filed this motion for summary judgment, Plaintiff presents the same arguments that it presented at the state appellate court level. The Maryland Court of Special Appeals rendered judgment for the appellees (now Defendants) in the action because it found that all of the applicable rules for foreclosure proceedings were followed. While the counts in the complaint before this Court have been expanded to include claims in tort, breach of contract, constitutional due process, and other legal theories, they are all based on the same legal and factual issue decided—that the foreclosure proceeding was properly conducted in accordance with state law. Thus, the question of whether the precise issues litigated in the prior suit are identical to those raised in this suit may clearly be answered in the affirmative.

■ Under the second prong, collateral estoppel may be used only "[w]hen an issue of fact or law is *actually litigated* and determined by a valid and final judgment...." Restatement (Second) of Judgments § 27 (1982) (emphasis added); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir.1996). Upon a reading of the Special Court of Appeals decision, the Court finds that the issues now presented were actually litigated in that state forum. Plaintiff's exceptions were adjudicated in both forums. As discussed above, the Circuit Court's ratification and the Special Court of Appeals' Order affirming the ratification resulted from both courts' consideration of the facts, evidence, and arguments presented by all parties. In addition, for all of the reasons discussed in connection with the applicability of the res judicata doctrine to this action, prongs 3–5 of the collateral estoppel standard have been met. Both state courts based their decisions on a finding that the foreclosure action was conducted properly, and such a finding was essential to that determination. As discussed previously, a final and valid judgment was issued, and Plaintiff had a full and fair opportunity to litigate the issue in the previous forums. Accordingly, Plaintiff's present suit is barred by collateral estoppel principles.

Plaintiff cannot now obtain a review of the state court proceedings under the doctrines of res judicata and collateral estoppel. All claims concerning the propriety of the foreclosure action should have been raised in the prior state proceedings. Two other courts concluded that the foreclosure sale and proceedings were conducted in accordance with applicable procedural and substantive state law. The Court finds that the issues and claims presented in the instant case were resolved by both the

state trial court and state appellate court with finality and that this Court is precluded from resolving this matter again. The legal issues and claims raised and resolved in the prior proceedings are raised in the complaint now before this Court. For the foregoing reasons, the Court will grant Defendants' motion for summary judgment.[1] The Court notes that Defendant Household Mortgage Services was not named as a party to the instant motion for summary judgment. The Court, however, believes that the doctrines of res judicata and collateral estoppel also function to bar Plaintiff's claims against Household Mortgage Services. Hence, the Court will sua sponte grant summary judgment in Household's favor.

### III. *Plaintiff's Motion to Strike Defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment and Defendants' Motion for Leave to File Reply Nunc Pro Tunc*

Plaintiff seeks an order striking Defendants' reply to their summary judgment motion as untimely. Defendants argues that under Federal Rule of Civil Procedure 6(b), leave to file their reply is warranted due to the availability of new information not in their possession at the time they filed their Motion for Summary Judgment. Defendants seek leave to file their reply nunc pro tunc. The Court does not believe that such leave is appropriate under the circumstances. Plaintiff filed his opposition to Defendants' summary judgment motion on September 24, 1999. Thus, Defendants' reply was due by October 10, 1999. Defendants did not file a reply until December 6, 1999, nearly two months late.

Defendants' only explanation is that they obtained new information. The new information they identify is a copy of the Maryland Court of Appeals Order denying certiorari to Plaintiff in his state court appeal. The Order does not provide any new information that would be helpful to the resolution of the motions presently before the Court. Accordingly, Plaintiff's motion to strike will be granted, and Defendants' motion for leave will be denied.

### CONCLUSION

Plaintiff has not presented evidence of any genuine dispute of material fact that would preclude an entry of summary judgment in the Defendants' favor. For all of the reasons stated, the Court will grant Defendants' motion for summary judgment, grant Plaintiff's motion to strike, and deny Defendants' motion for leave. This case will be closed. An Order consistent with this Opinion will follow.

---

1. The parties dispute the applicable starting point for tolling the three year statute of limitations for this action. Plaintiff argues that under Md.Code Ann. [Real Property] § 7–105 (1996 & Supp.1999), the action accrues on the date of the ratification of the sale, August 6, 1996, and Defendants assert that under Md.Cts. & Jud.Proc. § 5–101 (1998), the action accrues on the date of the sale, March 28,

1996. The Section 7–105 provision is directed specifically toward actions such as Plaintiff's. Thus, the Court believes that Section 7–105 governs the instant case which involves foreclosure and a challenge to the ratification of a foreclosure sale. Thus, Plaintiff filed this suit within the applicable statutory period, and the Court does not base its ruling on Defendants' statute of limitations argument.