**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-1197**

———————

REGINALD JONES,

Plaintiff - Appellant,

v.

HSBC BANK USA, N.A.; HOME EQUITY LOAN TRUST, SERIES ACE
2005-HE5; WELLS FARGO BANK NA; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS INC.; BUONASSISSI, HENNING & LASH,
P.C.,

Defendants – Appellees,

and

ONE CALL LENDER SERVICES, LLC; SUPERIOR HOME MORTGAGE
CORPORATION,

Defendants.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:09-
cv-02904-RWT)

———————

Submitted:  July 7, 2011              Decided:  August 25, 2011

———————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Lawrence J. Anderson, PELS ANDERSON, LLC, Bethesda, Maryland, for Appellant. Russell J. Pope, TREANOR POPE & HUGHES, P.A., Towson, Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises out of a Maryland foreclosure proceeding. In October 2009, Plaintiff Reginald Jones ("Jones") filed suit in Maryland state court against defendants, HSBC Bank USA, N.A. ("HSBC"), Fremont Reorganizing Corporation ("Fremont"), Home Equity Loan Trust Series ACE 2005-HE5 ("Home Equity Loan Trust"), Wells Fargo Bank, NA ("Wells Fargo"), Superior Home Mortgage Corporation ("Superior"), Mortgage Electronic Registration Systems, Inc. ("MERS"), One Call Lender Services, LLC ("One Call"), Buonassissi, Henning & Lash, P.C. ("BHL"), and Friedman & MacFayden, P.A. Defendants removed to federal court and the district court ultimately granted their motion to dismiss. Jones appeals that dismissal, urging that the district court abused its discretion by denying him leave to amend his complaint and that, in any event, the court should have entered dismissal without prejudice as to the claims contained in his proposed amendment. For the reasons that follow, we affirm.

## I.

In 2005, Jones took out an $825,200 home mortgage loan from Fremont. The loan was secured by a deed of trust on Jones's Rockville, Maryland property. Fremont subsequently sold its interest in Jones's property on the secondary market to Home

3

Equity Loan Trust, with HSBC serving as trustee.  Wells Fargo assumed servicing responsibilities for the mortgage.

In November 2007, Jones defaulted on the loan.  As a result, Wells Fargo, through substitute trustee BHL, initiated foreclosure proceedings in the Circuit Court for Montgomery County, Maryland.  BHL filed an order to docket foreclosure on July 10, 2009. Jones responded by filing an objection on July 27.

While Jones's objection was pending, foreclosure of his home proceeded, and a sale of the property was scheduled for October 7, 2009.  Seeking to delay the sale, Jones filed the present action in the Circuit Court for Montgomery County on October 6.  The complaint alleged six causes of action, all relating to Jones's objections to the foreclosure, and named as defendants HSBC, Home Equity Loan Trust, Wells Fargo, and MERS.[1] Shortly after the complaint was filed, defendants removed to the United States District Court for the District of Maryland.

Despite Jones's lawsuit, the foreclosure sale proceeded as scheduled, and HSBC purchased the property on

---

[1] MERS serves as the record nominee for the holder of the loan.  The complaint also names as defendants One Call and Superior, but contains no specific allegations against them. Jones consented to dismissal of Fremont and the original trustee, Friedman & MacFayden, though he originally named them as defendants as well.

4

October 7. The state court retained jurisdiction over the foreclosure proceedings, and, on December 2, 2009, it held a hearing on Jones's objection to the foreclosure, at which he appeared. The court ultimately denied Jones's objection. Jones then filed a motion for reconsideration, which the court also denied.

The state court ratified the foreclosure sale on March 2, 2010, and HSBC filed a motion for possession on April 9. Still attempting to retain the property, Jones filed an opposing motion. Jones also filed a motion for a preliminary injunction, which sought to prevent HSBC from taking possession of the property until the federal suit was resolved. The state court granted HSBC's motion on May 14, 2010, and entered a judgment awarding HSBC possession of the property.

On May 18, Jones filed a motion for an injunction in his federal court case that was almost identical to the motion he had earlier filed in state court. It asked the district court to prevent the state court from allowing HSBC to take possession of the property. In both the state and federal injunction requests, Jones argued that Fremont's assignment of the mortgage "split" the note from the deed of trust, creating an unsecured debt and leaving the opposing parties without legal authority to foreclose. J.A. 44, 81. Due to the state court's

5

granting a hearing on his motion for an injunction, Jones moved to withdraw his federal court injunction request on June 18.

On July 1, 2010, the state court denied as moot all of Jones's outstanding motions in the foreclosure action. With Jones having exhausted all other avenues for relief, defendants in the present action moved on October 21, 2010 to dismiss Jones's complaint.

One week later, Jones filed for leave from the district court to amend his complaint. The proposed amendment retained as defendants only HSBC, Wells Fargo, and BHL, and sought to convert the suit into a class action. Raising substantially different facts and legal theories, the revised complaint centered on the manner in which Wells Fargo prepared affidavits used in foreclosure proceedings. It alleged that employees of Wells Fargo signed affidavits supporting foreclosures despite having no personal knowledge of the facts contained therein. Based on this conduct, the complaint asserted seven causes of action, including fraud, wrongful foreclosure, and violation of the Maryland Consumer Protection Act.

In a February 3, 2011 order, the district court denied Jones's motion for leave to amend, explaining that it was dilatory, futile, and would prejudice the defendants. Additionally, the district court dismissed the original

6

complaint in its entirety, finding that Jones's claims were barred by res judicata due to the resolution of the original state court foreclosure action.  This appeal followed.

## II.

On appeal, Jones challenges the district court's denial of his motion for leave to amend and the court's dismissal with prejudice of his original complaint.  We consider each issue in turn.

## A.

Jones first argues that the district court erred by refusing to grant his motion for leave to amend his complaint. We review a district court's denial of a plaintiff's motion to amend for abuse of discretion.  Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010).  When considering whether to grant leave to amend a pleading, a "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Though denial of leave to amend lies within the district court's discretion, the court may not deny a party's motion solely on the basis of delay.  Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).  Instead, "delay must be accompanied by prejudice, bad faith, or futility."  Id.  As we explain below, the district court did not abuse its discretion by finding

Jones's amendment to be both dilatory and futile.[2] We therefore affirm the denial of his motion to amend.

1.

Jones disputes the finding that his motion to amend was dilatory. He argues that, when he filed his motion, he had only recently become aware of the facts supporting his amended complaint's assertion that the defendants supported foreclosure with false affidavits. However, the record contains ample evidence that Jones either knew or should have known of these facts considerably earlier. As a threshold matter, it appears that Jones's concerns about the accuracy of defendants' documents were present when he filed his initial complaint, on November 2, 2009. Indeed, that complaint explicitly questioned the accuracy of documents signed by Wells Fargo employees. Though Jones was on notice of at least some potential problems with the documents, he did not present the theories contained in his proposed amendment until nearly a year later.

To the extent that Jones's complaint cites new evidence, the information on which it relies was not presented

---

[2] Because our determination that the district court did not abuse its discretion in finding the proposed amendment both dilatory and futile is sufficient to affirm the denial of Jones's motion to amend, we need not address the finding of prejudice.

8

in a timely manner.  In support of his amended claims, Jones relies on a spring 2010 deposition of a Wells Fargo employee from unrelated litigation in Florida.  Although this deposition was taken in March, Jones did not file his motion to amend until that October.  Meanwhile, Jones delayed the proceedings twice, first by filing a frivolous "motion to show authority" for which he was nearly sanctioned, and second by filing a motion for an injunction—-identical to one he filed in state court—-that he moved to withdraw only after defendants had invested time in responding.  Given Jones's delay in filing his amended complaint and his earlier pattern of dilatory behavior, we cannot say that the district court abused its discretion in finding his motion to amend dilatory.

2.

Jones also disputes the district court's finding that his amended complaint was futile.  In assessing whether a proposed amendment is clearly futile, a district court may look to "substantive or procedural considerations."  Davis v. Piper Aircraft, 615 F.2d 606, 613 (4th Cir. 1980).  Here, the district court found that Jones's proposed amendment would be barred by claim preclusion arising from the state court's decision in the original foreclosure action.

9

The preclusive effects of a state court judgment are determined by state law. Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008). Under Maryland law, claim preclusion has three elements: "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been determined in prior litigation; and (3) there was a final judgment on the merits in the prior litigation." R&D 2011, LLC v. Rice, 938 A.2d 839, 848 (Md. 2008). Here, the district court did not err by finding all three elements satisfied.

Though Jones and BHL were the sole parties to the state court foreclosure action, privity exists between BHL and the two additional parties involved here, HSBC and Wells Fargo. In a claim preclusion context, privity "generally involves a person so identified in interest with another that he represents the same legal right." FWB Bank v. Richman, 731 A.2d 916, 930 (Md. 1999). BHL prosecuted the state court foreclosure action on behalf of Wells Fargo, which in turn serviced the underlying mortgage on behalf of HSBC. With respect to the proposed amendment, the relevant interest of all three defendants is the same right to foreclose on the Jones mortgage. Because the three defendants represent the same legal right in this action that BHL represented in the state court action, the privity

10

component of claim preclusion is satisfied.  See <u>Anyanwutaku v.</u> <u>Fleet Mortg. Group, Inc.</u>, 85 F. Supp. 2d 566, 571 (D. Md. 2000) (finding privity, under Maryland law, between substitute trustee who filed prior foreclosure action and successor holders of the underlying mortgage note); <u>see also</u> <u>FWB Bank</u>, 731 A.2d at 930.

In deciding whether the claims are the same, so as to satisfy the second element, Maryland courts employ the "transaction" test.  <u>See</u> <u>Kent Cnty Bd. of Educ. v. Bilbrough</u>, 525 A.2d 232 (Md. 1987).  Under this test, claims are the same "when they arise out of the same transaction or series of transactions."  <u>Anyanwutaku</u>, 85 F. Supp. 2d at 571.  This holds "regardless of the number of substantive theories, or variant forms of relief flowing from those theories," and "regardless of the number of primary rights that may have been invaded" or "variations in the evidence needed to support the theories or rights."  <u>deLeon v. Slear</u>, 616 A.2d 380, 392 (Md. 1992) (quoting Restatement (Second) of Judgments § 24(2) (1982)).

In the proposed amendment, Jones alleges that the defendants improperly foreclosed on his home by submitting and relying on false and defective affidavits.  While these claims proceed on a new substantive theory and seek relief different from what Jones sought in the initial foreclosure proceeding, at bottom, they remain claims of wrongful foreclosure.  In both cases, Jones's claims center on the same basic transaction—-

11

foreclosure of his home. And in both the amended complaint and the state-court foreclosure action, Jones has raised objections to the procedures through which the defendants prosecuted the foreclosure. Thus, for the purposes of the second element of claim preclusion, the two sets of claims are identical.[3]

Finally, the state-court foreclosure action resulted in a final judgment on the merits. In Maryland, a foreclosure action is ordinarily a summary, in rem proceeding. When the mortgagor voluntarily appears and raises objections, however, the action results in an in personam judgment with preclusive effect. See Fairfax Sav., F.S.B. v. Kris Jen Ltd. P'ship, 655 A.2d 1265, 1272 (Md. 1995); Tri-Towns Shopping Center, Inc. v. First Fed. Sav. Bank, 688 A.2d 998, 1005 (Md. Ct. Spec. App. 1997).

Jones argues that because Maryland Code, Real Property Article § 7-105.1 establishes a three-year limitations period for suits in response to wrongful foreclosures, foreclosures

---

[3] Even if that were not so, the amended complaint certainly involves claims Jones could have raised in the foreclosure action, either as counterclaims or as a defense. Though Jones contends that Maryland's permissive counterclaim rules insulate such claims from preclusion, to allow them in this case would, in effect, nullify the original foreclosure judgment. Avoiding such a consequence is a central concern of the claim preclusion doctrine. See Fairfax Sav., F.S.B. v. Kris Jen Ltd. P'ship, 655 A.2d 1265, 1269 (Md. 1995) (citing Restatement (Second) of Judgments § 22(2)(b) (1982)).

12

themselves cannot be intended to have preclusive effect. However, the statute simply addresses actions brought in response to the in rem variety of foreclosures—-those which the mortgagor did not challenge directly in the first instance. See Fairfax Sav., 655 A.2d at 1274 (noting that plaintiffs could relitigate the merits of a prior foreclosure judgment in a subsequent claim for damages, so long as the prior judgment was solely in rem). As noted above, however, when the mortgagor appears and raises objections to the initial foreclosure action, he loses the opportunity to later collaterally attack the resulting judgment. See id. at 1272 (explaining that the greater preclusive effect of a foreclosure judgment to which exceptions were filed flows from the mortgagor's "voluntary appearance in the foreclosure proceeding"). In other words, the mortgagor is entitled to litigate his objections only once: he may defend against the original foreclosure action directly, or he may bring a separate, offensive suit within three years of the sale; he may not do both.

In this case, Jones voluntarily appeared and raised numerous objections to the state-court foreclosure action. The state court held two hearings to consider the merits of those objections. When his objections were rejected, Jones chose not to appeal or seek revision of the state court decision. Thus, the state-court foreclosure constitutes an in personam final

13

judgment on the merits,[4] and precludes Jones from raising the same claims in this case.

As each of the three claim preclusion elements are satisfied, the district court did not err by finding Jones's motion to amend futile. Having properly found both futility and delay present, the district court did not abuse its discretion by denying Jones leave to amend. See Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010).

## B.

Jones also appeals the district court's dismissal with prejudice of his original complaint. We review the grant of a Rule 12(b)(6) motion to dismiss de novo. Coleman v. Maryland Court of Appeals, 626 F.3d 187 (4th Cir. 2010).

Jones does not challenge the merits of the district court's dismissal, but instead argues only that it should have entered a dismissal without prejudice with respect to his amended complaint. Jones's concern appears to be that the prejudice designation prevents him from re-filing his amended complaint in state court.

---

[4] To the extent Jones believes that the final judgment was procured by means of fraud or false testimony, his remedy is to seek revision pursuant to Maryland Rule 2-535, not to bring a collateral attack.

Jones misinterprets the district court's order. Because the district court denied Jones leave to file his proposed amendment, its dismissal order pertained only to his original complaint. While the district court did consider the merits of the proposed amendment in deciding to deny his motion for leave to amend, this consideration alone does not constitute a final judgment on the merits. Consequently, the dismissal with prejudice of the original complaint in this case does not, by itself, prevent Jones from re-filing the proposed amendment. Because Jones's only objection to the district court's grant of the defendants' motion to dismiss is without merit, we affirm.

III.

For the foregoing reasons, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

15