**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1823

ANNETTE L. WILLIAMS, Successor Trustee of the Harry R. Williams Revocable Trust,

Plaintiff - Appellant,

v.

EDWARD S. COHN, Substitute Trustee of the law firm of Cohn, Goldberg & Deutsch, LLC; COHN, GOLDBERG & DEUTSCH, LLC; ORLANS, P.C.; FEDERAL NATIONAL MORTGAGE ASSOCIATION; BANK OF AMERICA, N.A.; REVERSE MORTGAGE SOLUTIONS; RENEE J. LAFAYETTE, Esq.; LAFAYETTE LAW OFFICE; APPRAISER DIANE VEST; REVERSE MORTGAGE ANSWERS, LLC,

Defendants - Appellees,

and

SEATTLE MORTGAGE COMPANY; MARCIA L. FUDGE, Secretary, HUD; DOES 1 THROUGH 100 INCLUSIVE; ACADEMY MORTGAGE, LLC, d/b/a Reverse Mortgage Answers; APPRAISER JOSPEH DIPIETRO; APPRAISER SCOTT CUTHBERT,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, Senior District Judge.  (8:21-cv-00730-PWG)

Submitted: October 27, 2023                    Decided: November 16, 2023

Before AGEE and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Wanda J. Dixon, THE DIXON LAW FIRM, LLC, Largo, Maryland, for Appellant. Alvin I. Frederick, ECCLESTON & WOLF, P.C, Hanover, Maryland; Harry Levy, SHUMAKER WILLIAMS, P.C., Towson, Maryland; Andrew J. Narod, BRADLEY ARANT BOULT CUMMINGS LLP, Washington, D.C.; Alyssa Szymczyk, ORLANS, P.C., Leesburg, Virginia; Melissa O. Martinez, MCGUIREWOODS LLP, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Annette L. Williams appeals the district court's order dismissing her third amended complaint as barred by res judicata. Williams asserted a myriad of claims arising out of the foreclosure of her late father's property after a reverse mortgage was not repaid. Finding no reversible error, we affirm.

We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, "a plaintiff must provide sufficient detail to show that [s]he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (cleaned up), *vacated on other grounds*, 140 S. Ct. 2736 (2020).

Under the doctrine of res judicata, also known as claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

> Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered. Under Maryland law, the elements of res judicata are: (1) that the parties in the present litigation are the same or in privity with the parties in the earlier dispute; (2) that the claim presented in the current action is identical to the

3

one determined in the prior adjudication; and (3) that there has been a final judgment on the merits.

*Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008).

Williams first contends that several of her claims are not subject to res judicata under Maryland law, pointing to Md. Code Ann., Cts. & Jud. Proc. § 6-408 (LexisNexis 2020), but she cites no case law in support of this contention. The Maryland courts have codified a rule, similar to Fed. R. Civ. P. 60, to implement this statute, which allows courts to modify judgments in certain limited circumstances. Md. R. 2-535. As we have explained in a similar context, if a plaintiff believes a foreclosure judgment was procured by fraud, her "remedy is to seek revision pursuant to Maryland Rule 2-535, not to bring a collateral attack." *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 645 n.4 (4th Cir. 2011) (No. 11-1197).

Turning to privity, Williams argues that the appraiser defendants, the court auditor, and Bank of America were not in privity with any party in the previous foreclosure litigation. Under Maryland law, "privity generally involves a person so identified in interest with another that the person represents the same legal right." *Bank of N.Y. Mellon v. Georg*, 175 A.3d 720, 744 (Md. 2017) (cleaned up).

> [F]or the purpose of the application of the rule of res judicata, the term "parties" includes all persons who have a direct interest in the subject matter of the suit, and have a right to control the proceedings, make defense, examine the witnesses, and appeal if an appeal lies. So, where persons, although not formal parties of record, have a direct interest in the suit, and in the advancement of their interest take open and substantial control of its prosecution, or they are so far represented by another that their interests receive actual and efficient protection, any judgment recovered therein is conclusive upon them to the same extent as if they had been formal parties.

*Id.* at 744-45.

Here, Bank of America's interests were adequately represented by the substitute trustee and his law firm because they needed to establish the chain of title and thus defend the allegedly invalid assignments to foreclose on the property. *See Anderson v. Burson*, 35 A.3d 452, 460 (Md. 2011). The appraisers' interests were also represented by the substitute trustee because their allegedly deficient appraisals were used during underwriting of the initial mortgage and in the foreclosure proceedings. *See Warner v. German*, 642 A.2d 239, 245 (Md. Ct. Spec. App. 1994). And although the auditor was a neutral party in the foreclosure proceeding, "the requirement that one who invokes *res judicata* and/or collateral estoppel be a party or in privity to a party has been relaxed and would not bar estoppel by judgment . . . if all the other elements of those doctrines were proven." *Green v. Ford Motor Credit Co.*, 828 A.2d 821, 838 (Md. Ct. Spec. App. 2003).

Williams next contends that the second element of res judicata is not met because the state courts did not rule on the merits of her claims, Maryland has permissive counterclaim rules, and she proceeded pro se in the prior foreclosure action. In Maryland, the second element of res judicata requires "that the claim presented in the current action is identical to the one determined in the prior adjudication." *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005). Williams appropriately notes that because not all of the issues she raised in the foreclosure action are identical to the ones in her federal complaint, "the second court must determine whether the matter currently before it was fairly included within the claim or action that was before the earlier court and could have been resolved in that court." *Id.* at 1038 (internal quotation marks omitted).

5

Maryland courts apply the transactional approach in this circumstance, and "if the two claims or theories are based upon the same set of facts and one would expect them to be tried together ordinarily, then a party must bring them simultaneously." *Id.*

Williams raised many of the same issues she asserted in her federal complaint in the foreclosure action. But to the extent that she did not, she may not hide behind Maryland's permissive counterclaim rules. "[N]othing in the Maryland Rules of Procedure prohibits a mortgagor who voluntarily appears in a mortgage foreclosure proceeding from filing a counterclaim." *Fairfax Sav., F.S.B. v. Kris Jen Ltd. P'ship*, 655 A.2d 1265, 1275 (Md. 1995). Thus, Williams could have raised all of her claims in the foreclosure action. And we have rejected a litigant's attempt to evade the preclusive effect of a foreclosure judgment by attacking the underlying mortgage because "to allow [it] . . . would, in effect, nullify the original foreclosure judgment. Avoiding such a consequence is a central concern of the claim preclusion doctrine." *Jones*, 444 F. App'x at 645 n.3. Although Williams proceeded pro se in the state foreclosure action, "it is not necessary to ask if the plaintiff knew of h[er] present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls." *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986).

Finally, Williams asserts that there was never a final judgment in the foreclosure action. But this argument misapprehends Maryland law. In a foreclosure action, "if the mortgagor voluntarily appears, . . . the proceeding [may] include judgments in the form of rulings on exceptions to the sale and to the auditor's report . . . that have *in personam* collateral estoppel effect." *Fairfax Sav.*, 655 A.2d at 1272. "In other words, the mortgagor

6

is entitled to litigate h[er] objections only once: [s]he may defend against the original foreclosure action directly, or [s]he may bring a separate, offensive suit within three years of the sale; [s]he may not do both." *Jones*, 444 F. App'x at 645. Thus, the district court correctly determined that Williams' claims were precluded.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*